UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY WRIGHT, | ) | CASE NO. CV 10-00451 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |
| PFIZER, INC., ET AL., | ) ) | |
| Defendants. | ) ) | |

Federal courts are courts of limited jurisdiction, and if subject matter jurisdiction does not affirmatively appear, federal courts are presumed to lack jurisdiction. *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), *citing General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968-69 (9th Cir. 1981). Corporations have dual citizenship; they are citizens of the state in which they are incorporated, and they also are citizens of the state in which they have their principal place of business, 28 U.S.C. § 1332(c)(1); and both states of citizenship must be alleged in the Complaint. Plaintiff alleges that Defendant Pfizer is "a Delaware corporation" with its principal place of business in New York. The allegation that a corporation is "a Delaware corporation" is not sufficient to allege the state in which the corporation is incorporated. *Fifty Associates v. Prudential*, 446 F.2d 1187 (9th Cir. 1970).

Accordingly, the dual citizenship of this defendant does not affirmatively appear from the pleadings.

It is therefore ordered that Plaintiff shall show cause in writing, not later than February 3, 2010, why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended complaint within that time, correcting the jurisdictional defect, shall discharge this Order to Show Cause.

DATED: January 25, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE